# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL EUGENE MILLER**, | ) | |
| Petitioner, | ) | Case No. 7:09CV00012 |
| v. | ) | **OPINION** |
| **HARVEY G. LAPPIN, DIRECTOR, ET AL.**, | ) | By: James P. Jones<br>Chief United States District Judge |
| Respondents. | ) | |

*Michael Eugene Miller, Petitioner Pro Se.*

The petitioner brings this civil action styled as an "Emergency Motion and Petition for Injunctive and or Mandamus Relief" and docketed by the court as a Petition for a Writ of Mandamus, pursuant to 28 U.S.C.A. § 1361 (West 2006), with jurisdiction vested pursuant to 28 U.S.C.A. § 1331 (West 2006).[1] Upon review of the record, I conclude that the Petition must be summarily dismissed.

---

[1] Miller offers no statutory support for his request for injunctive relief. Although injunctive relief may be available in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such an action must be based on a claim that federal officials have violated the plaintiff's constitutional rights. *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000). Miller does not allege facts giving rise to any such claim.

I

Michael E. Miller, a federal prison inmate, was most recently before the court on September 22, 2008, on a charge that he had violated the terms of his supervised release. I found that his supervised release should be revoked and sentenced Miller to serve eight months in prison. Miller's appeal from that sentence is still pending.

In his current Petition, Miller alleges that he is entitled to mandamus relief because the respondent prison officials have failed to arrange for him to spend the last six months of his sentence in a community corrections placement, such as a halfway house.[2] Miller asserts that without such placement, he will not have an opportunity to receive drug treatment or work to save money with which to live when he is released from prison in a few months. He asserts that respondents' continuing failure to arrange such placement for him violates the United States Sentencing Guidelines Manual ("USSG") § 7B1.3 and the "Second Chance Act." He seeks an order directing prison officials to place him in a halfway house in or near Radford, Virginia, to allow him to undergo a specific mental health and drug treatment and counseling program, and to provide him with $1000 to assist him in buying a car so he can drive to the drug treatment program and in obtaining housing.

---

[2] Miller, who is currently incarcerated in West Virginia, states that he is scheduled to be released from prison on April 14, 2009.

II

Under 28 U.S.C.A. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[3] Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *In re Beard*, 811 F.2d 818, 826 (4th Cir.1987).

> The party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001).

Miller's request for mandamus relief fails on the first part of the *Braxton* standard, because he does not demonstrate any "indisputable right" to the relief that

---

[3] Although Miller is not incarcerated within the territorial jurisdiction of this court, venue may be proper in this district for his mandamus action, as Miller may well be able to prove that he resides within the district when he is not incarcerated. *See* 28 U.S.C.A. §1391(e) (West 2006) (providing that civil action against officer or employee of United States agency acting in official capacity may "be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) the plaintiff resides if no real property is involved in the action"). I need not resolve this venue issue, however, because his Petition is without merit.

- 3 -

Case 7:09-cv-00012-JPJ-mfu   Document 4   Filed 01/26/09   Page 3 of 5   Pageid#: 22

he seeks. The sentencing guidelines do not mandate halfway house confinement as part of an eight-month sentence for violation of supervised release.

> Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) [for a Grade B or C violation of SR] is more than six months but not more than ten months, the minimum term *may* be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

USSG § 7B1.3(c)(2) (Nov. 1, 2007) (emphasis added). This section leaves to the discretion of the sentencing judge or the Bureau of Prisons whether to allow the defendant to satisfy part of his sentence in community or home confinement.

Similarly, the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), does not entitle Miller to such placement. Section 251(a) of this Act amended 18 U.S.C.A. § 3624(c), effective April 9, 2008. Section 3624(c)(1) now provides:

> The Director of the Bureau of Prisons shall, *to the extent practicable*, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

(emphasis added). Again, the cited authority does not require the court or BOP officials to place Miller in community or home confinement for any portion of his sentence. The decision regarding such placement remains discretionary.

- 4 -

In short, Miller fails to demonstrate that he has any "indisputable right" to any portion of the relief he seeks in this Mandamus action. Neither the guidelines nor the cited Act require that he serve any portion of his revocation sentence in community or home confinement. Certainly, neither of the cited legal authorities provides that he is entitled to $1000 for transportation and housing or placement in a mental health and drug treatment program of his choosing. While I commend Miller for his desire to succeed in rejoining society upon his upcoming release, I find no ground on which to grant the mandamus relief he requests. Accordingly, I will summarily dismiss this action.

A separate Final Order will be entered herewith.

ENTER: January 26, 2009

/s/ JAMES P. JONES
Chief United States District Judge